LJF:SJM
F. #2007R0152

**M-08-198**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOSEPH DUPERIER,
    also known as "Joseph Kedrel,"
"Joseph Jean Ducarnel," "Louis
Joseph" and "Boston,"

        Defendant.

- - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF ARREST WARRANT

18 U.S.C. § 1344

EASTERN DISTRICT OF NEW YORK, SS:

        TODD R. HEISER, being duly sworn, deposes and says that he is a Special Agent with the United States Secret Service ("USSS"), duly appointed according to law and acting as such.

        Upon information and belief, in or about and between March 2007 and July 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH DUPERIER, also known as "Joseph Kedrel," "Joseph Jean Ducarnel," "Louis Joseph" and "Boston," did knowingly and intentionally execute a scheme and artifice to defraud one or more financial institutions, to wit: Bank of America ("BOA") and JP Morgan Chase Bank ("Chase"), and to obtain moneys, funds, credits, assets, and other property under the

custody and control of said financial institutions by means of false or fraudulent pretenses, representations, or promises.

(Title 18, United States Code, Section 1344)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the USSS since November 2006. This affidavit is based upon my conversations with representatives of BOA's investigative services department, interviews with payees of checks that were deposited into the defendant JOSEPH DUPERIER's bank accounts at BOA, and my examination of reports and records, including the defendant JOSEPH DUPERIER's bank records from BOA.

2. In May 2007, the USSS received a report that a federal tax refund check in the amount of $7,678 issued to Haydn and Denyse Thomas had not been received by the payees, but had been deposited into a BOA business bank account in the name "DBA Duperier Enterprises." A review of BOA records for this account reveal that the defendant JOSEPH DUPERIER is the sole proprietor for Duperier Enterprises. BOA records reflect that the defendant JOSEPH DUPERIER opened 17 different business accounts for Duperier Enterprises. The defendant JOSEPH DUPERIER was the only signatory on these accounts.

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

3. Shortly afterwards, I obtained a copy of the federal tax refund check dated March 16, 2007, payable to "Haydn D & Denyse Thomas" of Brooklyn, New York. The check indicated that it had been endorsed in the name of "Haydn denyse thomas" and that it had been deposited into an account maintained by the defendant JOSEPH DUPERIER at a BOA branch located in Brooklyn, New York, on May 4, 2007.

4. I subsequently contacted Denyse and Haydn Thomas and was informed that they had never received the federal tax refund check, that they did not know the defendant JOSEPH DUPERIER, and that they had never authorized any person to deposit any federal tax refund check that was payable to them.

5. Based on my review of bank records produced by BOA, I have determined that between May 1, 2007 and May 30, 2007, three Treasury checks (two federal tax refund checks and one Social Security check) (the "Treasury Checks") were deposited into bank accounts that were maintained at BOA by the defendant JOSEPH DUPERIER. All of the Treasury Checks were made out to payees other than the defendant JOSEPH DUPERIER. Each of these checks contained endorsements in the names of the respective payees. I have contacted each of the payees listed on the Treasury Checks and determined that none of those payees ever received their respective Treasury Checks. Each of the payees also stated that they did not know the defendant JOSEPH DUPERIER

4

and had never authorized any person to deposit any Treasury Checks that were payable to them. The Treasury Checks total approximately $15,000, and were all deposited into the defendant JOSEPH DUPERIER's BOA accounts. The defendant JOSEPH DUPERIER's accounts at BOA were credited for this $15,000 amount and nearly all of these funds were withdrawn from those accounts.

6. Based on a review of the defendant JOSEPH DUPERIER's BOA accounts, and discussions with BOA loss analysts and investigators, I have learned that a check in the amount of $113,000 was fraudulently deposited into one of the Duperier Enterprises BOA accounts. I have obtained a copy of that check, which reflects that it was a check drawn on JP Morgan Chase Bank account in the name of the Jewish Federation of Metropolitan Chicago and made payable to "Duperier Enterprises II, 1014 Flatbush Ave. Brooklyn, New York 11226." The check was deposited into one of the Duperier Enterprises BOA accounts on June 14, 2007. Several days after the check was deposited, all of the check's proceeds were withdrawn from the account.

7. After the funds were already withdrawn, the Jewish Federation of Metropolitan Chicago put a stop payment on the check. I have interviewed Jeffrey King, the vice-president of finance for the Jewish Federation of Metropolitan Chicago, who advised me that the $113,000 check was made payable to the Hadassah Organization, 51 West 58th Street, New York, New York.

5

Mr. King advised that he did not know the defendant JOSEPH DUPERIER, did not make the $113,000 check payable to the defendant JOSEPH DUPERIER, and did not authorize anyone to alter the check to change the payee.

8. Based on interviews with BOA loss analysts and investigators, I have learned that five individuals made claims for fraudulent charges on their credit cards relating to charges incurred at Duperier Enterprises in March 2007. Duperier Enterprises had merchant accounts with BOA so that when Duperier Enterprises' customers used their credit cards to make purchases, the BOA account would be credited for the amount of the credit card charge. I have reviewed sworn affidavits submitted by the five individuals who made claims to their respective credit card companies relating to the charges incurred at Duperier Enterprises. Each affidavit states that the cardholder had possession of their credit card and did not authorize the charges at Duperier Enterprises. Based on the affidavits, it was determined that the cardholders are not responsible for these charges, and BOA is responsible for collecting these charges from its customer, Duperier Enterprises. However, the Duperier Enterprises accounts have been depleted of nearly all of their funds. The total amount of the charges described above is approximately $8,600.

6

9. Based on my review of the Duperier Enterprises BOA records, 11 payroll checks issued by Bally Total Fitness to individuals other than the defendant JOSEPH DUPERIER were deposited into two of the Duperier Enterprises BOA accounts. I have interviewed the Treasurer for Bally Total Fitness who advised that three of these checks were reported forged. Each of the checks was endorsed with the name of the respective payees. The 11 checks total $1,592.15.

10. Both BOA and Chase are financial institutions that are insured by the Federal Deposit Insurance Corporation.

WHEREFORE, your deponent respectfully requests that a warrant be issued for the arrest of the defendant JOSEPH DUPERIER so that he may be dealt with according to law.

_____
Todd R. Heiser
Special Agent
U.S. Secret Service

Sworn to before me this
28th day of February, 2008

UN                    TE JUDGE
EA                    W YORK